IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RANDY C. LINDSEY, #38871                                    PETITIONER

VERSUS                              CIVIL ACTION NO. 2:08cv100-KS-MTP

RON KING[1], et al.                                       RESPONDENTS

<u>OPINION AND ORDER</u>

This matter is before the court, *sua sponte*, for consideration of dismissal.  Petitioner Randy C. Lindsey, an inmate at the South Mississippi Correctional Institute, Leakesville, Mississippi, files the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  The petitioner was directed by an order [4] entered on May 23, 2008, and another order [6] entered on June 19, 2008, to provide additional information relating to his request for habeas relief.  As directed, he has filed his responses.  Having considered the petition as well as the responses [5 & 7], this Court comes to the following conclusion.

<u>Background</u>

Petitioner files this petition for habeas relief relating to the criminal charge for the sale of marijuana he received while serving in the United States Army.  He was convicted by the Army on February 7, 1979, and according to the petition, as a result of being convicted he was to receive half of his military benefits.

---

[1]In his response [5], petitioner states that Ron King is the Superintendent of the South Mississippi Correctional Institution, who is the proper respondent.

As directed by an order [4] entered on May 23, 2008, the petitioner filed his response [5] on May 30, 2008, informing this court that he is presently serving a sentence from the Circuit Court of Scott County, Mississippi, and that once he has completed the state court sentence from Scott County he has no other sentences to serve.

In his response [7] filed June 27, 2008, the petitioner states that the conviction he received in the Army was not used to enhance his present state sentence.  Moreover, he states that this habeas petition is an "appeal ... from the decision of the Army Review Board unlawfully den[ying] the other half of [petitioner's] G.I. benefits."  (Resp. [7]).

<u>Analysis</u>

For the federal district court to have jurisdiction to consider a habeas corpus petition, the petitioner must be "*in custody* in violation of the Constitution or laws or treaties of the United States."  *See Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed. 2d 540 (1989) (emphasis in original). Title 28, Section 2254(a) of the United States Code states:

> The Supreme court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The United States Court of Appeals for the Fifth Circuit "has explained that § 2254 'affords relief to a [habeas] petition 'in custody pursuant to the judgment of a state court.' '" *Pleasant v.*

*State of Texas*, 134 F.3d 1256, 1257 (5th Cir. 1998) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987).

According to the petition and responses, the petitioner is not challenging a conviction for which he is presently incarcerated nor is he challenging that the conviction was used to enhance the sentence he is presently serving.  He is simply challenging the Army Review Board's denial in providing him with a portion of his G.I. benefits.  Clearly, under these circumstances, the petitioner does not meet the "in custody" habeas requirement of 28 U.S.C. § 2254(a).  Therefore, this court finds that it lacks jurisdiction over this petition.  Consequently, this petition is denied.

<u>Conclusion</u>

As discussed above, this Court does not have subject matter jurisdiction because the petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254(a).  Therefore, the petition will be dismissed with prejudice.

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the 7th day of July, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE